UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AXIS ENERGY CORPORATION AND
OCCIDENTAL ENERGY COMPANY, INC.

VERSUS                                                          CIVIL ACTION

ST. PAUL SURPLUS LINES INSURANCE                                NO. 16-672-JWD-EWD
COMPANY AND ST. PAUL FIRE AND
MARINE INSURANCE COMPANY

**RULING AND ORDER ON UNOPPOSED MOTION TO INTERVENE**

Before the Court is a Motion for Leave to Intervene (the "Motion to Intervene")[1] filed by Louisiana Farm and Livestock Company Inc. ("LFLC"). LFLC seeks to intervene in this suit pursuant to Fed. R. Civ. P. 24(a) and (b). LFLC asserts all parties consent to an order allowing LFLC to intervene.[2]

For the reasons set forth herein, LFLC's Motion to Intervene is **GRANTED**.[3]

**I.      Background**

On August 26, 2016, Plaintiffs, Axis Energy Corporation and Occidental Energy Company filed suit in state court against Defendants. Plaintiffs assert that Defendants are "entities interested under a contract or contracts of insurance with Plaintiffs" and that "Plaintiffs are entitled to a declaration of their rights under the contracts of insurance as against Defendants …."[4] Specifically, Plaintiffs allege that they were sued by LFLC for damages sustained to property owned by LFLC

---

[1] R. Doc. 38.

[2] *Id.*

[3] Magistrate judges may "hear and determine" non-dispositive pre-trial motions pursuant to 28 U.S.C. § 636(b)(1)(A). "A motion to intervene is considered a non-dispositive motion." *Johnson v. Qualawash Holdings, LLC*, 2013 WL 3050021, at *2 (W.D. La. June 17, 2013) (citing *S.E.C. v. Koirnman*, 2006 WL 148733, at *2 (N.D. Tex. Jan. 18, 2006)). *See also*, *Stephens v. State Farm and Cas. Co.*, 2010 WL 1292719, at *3 (E.D. La. March 8, 2010) ("The portion of Road Home's motion seeking leave to intervene is a non-dispositive matter which I may address by order.").

[4] R. Doc 1-1 at ¶4.

in Calcasieu Parish, Louisiana (the "Underlying Suit"),[5] and that Plaintiffs are entitled to defense and indemnity from Defendants with regard to the Underlying Suit.[6] The case was removed to this court on October 11, 2016 on the basis of diversity jurisdiction.[7]

Per LFLC's proposed Complaint in Intervention for Declaratory Relief, LFLC alleges that if Defendants owe insurance coverage to Plaintiffs in the main demand, LFLC would have the right to allege claims against Defendants under the Louisiana Direct Action Statute, La. R.S. 22: 655.[8] Accordingly, LFLC asserts that it is "entitled to a declaration that the policies issued to Axis and Occidental [Plaintiffs] by St. Paul Fire and SPSL [Defendants] provide liability insurance to Axis and Occidental [Plaintiffs] for the damages sought by Louisiana Farm in the state court petition [Underlying Suit]."[9]

## II. Law and Analysis

LFLC asserts that its Motion to Intervene meets the requirements under both Fed. R. Civ. P. 24(a) and (b).[10] Under Fed. R. Civ. P. 24(a), on "timely motion" the court must permit intervention by anyone who is either (1) given an unconditional right to intervene by federal statute; or (2) "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." LFLC does not assert that a federal statute grants it an unconditional right to intervene;

---

[5] *Id.* at ¶23.
[6] *Id.* at ¶40.
[7] R. Doc. 1.
[8] R. Doc. 38-4, ¶6.
[9] *Id.*, ¶7.
[10] R. Doc. 38-1, p. 1.

instead, it moves for intervention under Fed. R. Civ. P. 24(a)(2).[11] LFLC also moves to intervene under Fed. R. Civ. P. 24(b)(1), which provides that on "timely motion" the court may permit intervention by one who has a claim or defense that shares with the main action a common question of law or fact.

### A. Timeliness of the Motion to Intervene

"Whether leave to intervene is sought under section (a) or (b) of Rule 24, the application must be timely." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977). The timeliness of a motion to intervene is a matter committed to the sound discretion of the trial court. *McDonald v. E.J. Lavino*, 430 F.2d 1065, 1071 (5th Cir. 1970). Timeliness "is not limited to chronological considerations but 'is to be determined from all the circumstances.'" *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977). The Fifth Circuit has set forth four factors to consider when evaluating whether a motion to intervene is timely: (1) the length of time during which the proposed intervenor should have known of his interest in the case before he petitioned to intervene; (2) the extent of prejudice that those parties already in the litigation would suffer "as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case;" (3) the extent of prejudice to the proposed intervenor if he is not allowed to intervene; and (4) the existence of "unusual circumstances militating either for or against a determination that the application is timely." *Ross v. Marshall*, 426 F.3d 745, 754 (5th Cir. 2005) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-266 (5th Cir. 1977)).

---

[11] *Id.* ("The proposed intervention involves the issue of whether the defendant insurers in the main demand provided coverage to Axis Energy Corporation ('Axis') and Occidental Energy Company, Inc. ('Occidental'). This intervention is an intervention of right under FRCP Rule 24(a). Intervenor's rights under the Louisiana Direct Action statute, La. R.S. 22:655, will be directly impacted [sic] this Court's determination of the insurance coverage issues raised by Axis and Occidental in the main demand.").

3

Here, Plaintiffs initially filed their suit in August 2016. The case was removed to this Court on October 11, 2016. LFLC filed this Motion to Intervene on May 5, 2017. No party has asserted the Motion to Intervene is untimely. Most importantly, this suit is still in its early stages. An Amended Scheduling Order is in place, but discovery in this matter does not conclude until May 15, 2018—almost a year from now.[12] Further, this matter is not set for a bench trial until January 22, 2019.[13] Accordingly, LFLC's Motion to Intervene is timely.

### B. Intervention of Right

Pursuant to Fed. R. Civ. P. 24(a)(2), a party is entitled to intervene in a pending lawsuit when: (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that is the subject of the action in which he seeks to intervene; (3) the potential intervenor is so situated that disposition of the case may as a practical matter impair or impede his ability to protect his interest; and (4) the parties already in the action do not adequately protect the potential intervenor's interest. *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001). As discussed above, LFLC's Motion to Intervene has been found to be timely.

The Louisiana Direct Action Statute, La. R.S. 22:655, provides in pertinent part: "The injured person or his or her survivors … at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido …." Thus, the statute affords an injured person a substantive legal right against the alleged tortfeasor's insurer. The fundamental issue here, both with regard to the main demand and the proposed intervention, is whether the insurance policies issued by Defendants to Plaintiffs provide coverage for the damages

---

[12] R. Doc. 37.

[13] *Id.*

LFLC seeks to recover against Plaintiffs. In claiming an interest relating to the insurance policies that are the subject of the main demand, disposition of this action without LFLC could, as a practical matter, impair and impede LFLC's ability to protect that interest. Further, while both Plaintiffs and LFLC seek a declaration of coverage under the policies for damages allegedly sustained by LFLC, the burden of establishing that existing parties do not adequately protect the intervenor's interest is minimal and at least one court in this Circuit has held that if the proposed intervenor is found to have an interest that may be affected and the proposed intervenor is not represented, he should be allowed to intervene. *Centennial Ins. Co. v. Nguyen*, No. Civ. A. 04-298, 2004 WL 1171225, at *4 (E.D. La. May 25, 2004). Accordingly, LFLC meets the requirements of an intervenor of right under Fed. R. Civ. P. 24(a)(2). Because LFLC is an intervenor of right, it is not necessary to analyze whether LFLC is also entitled to permissive intervention under Fed. R. Civ. P. 24(b)(1).

### III. Conclusion

For the reasons set forth herein, Louisiana Farm and Livestock Company, Inc.'s Motion for Leave to Intervene[14] is **GRANTED**.

Accordingly,

**IT IS HEREBY ORDERED** that Louisiana Farm and Livestock Company, Inc.'s Complaint in Intervention for Declaratory Relief[15] shall be filed into the record in this matter.

---

[14] R. Doc. 38.

[15] R. Doc. 38-4.

**IT IS FURTHER ORDERED** that Louisiana Farm and Livestock Company, Inc. shall provide initial disclosures to all parties with seven (7) days of the date of this Order.

Signed in Baton Rouge, Louisiana, on June 13, 2017.

                                      **ERIN WILDER-DOOMES**
                                      **UNITED STATES MAGISTRATE JUDGE**